```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| WINSTON MENDEZ-COLON,<br><br>           Petitioner,<br><br>           v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Civil No. 12-1499 (PG)<br><br>(Crim. 05-417 (GAG)) |

**OPINION AND ORDER**

Petitioner, Winston Méndez-Colón, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 05-417. (Docket No. 1.)

## I.  BACKGROUND

Petitioner was charged in a multi-count indictment for various drug-related offenses including: possession with the intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and 846; and conspiring to commit money laundering, in violation of 18 U.S.C. §§1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i). (Crim. No. 05-417, Docket No. 2.)  On January 31, 2006, Petitioner pled not guilty. (Crim. Docket No. 229.)  On November 2, 2006, Petitioner's counsel moved to dismiss the indictment, alleging that all the acts in furtherance of the conspiracy had been committed prior to the Petitioner's eighteenth birthday and that he had not confirmed the conspiracy after turning eighteen. (Crim. Docket No. 510.)  This Court denied his motion, relying on evidence presented by the government that demonstrated that Petitioner confirmed his participation in the conspiracy after his eighteenth birthday. (Crim. Docket No. 690.)

However, in August of 2007, Petitioner was found incompetent to stand trial. Subsequently, the Court issued an order for a psychiatric evaluation pursuant to 18 U.S.C. §4241(d). (Crim. Docket No. 1138.) Petitioner was transferred to the Mental Health Department of the Federal Medical Center (FMC) in Butner, North Carolina. On February 16, 2008, Petitioner assaulted another patient at FMC, and was sentenced to forty-one months imprisonment by the United States District Court for the Eastern District of North Carolina. Ultimately, in April of 2008, the FMC filed a report finding that Petitioner was competent to stand trial. (Crim. Docket No. 1420.)

On August 15, 2008, Petitioner moved to change his plea and requested a change of plea hearing. (Crim. Docket No. 1505.) On that same day, he signed a plea agreement with the government. (Crim. Docket No. 1509.) Pursuant to the plea agreement, Petitioner pled guilty to Count One of the Indictment, which alleged that "from or about 1998 . . . and ending on a date unknown but not earlier than on or about December 2005 . . . [Méndez-Colón] did knowingly, and intentionally conspire, combine, confederate, and agree . . . to commit an offense against the United States . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 846." (Docket No. 1509 at 1-2.) Additionally, Petitioner agreed to be held accountable for at least three and a half, but less than five, kilograms of cocaine. (Id.)

On June 11, 2010, Petitioner was sentenced to seventy-eight months of imprisonment to be served consecutively with the forty-one months of imprisonment imposed by the Eastern District of North Carolina for the assault at FMC. (Docket No. 1705.) Judgment was entered on June 18, 2010. (Docket No. 1707.) On June 23, 2010, Petitioner filed a notice of appeal. (Docket No. 1709.) The First

Circuit Court of Appeals affirmed the conviction on February 9, 2012. (Docket No. 1865.) Petitioner moved for a rehearing, which the First Circuit denied on March 23, 2012. No certiorari was filed. Therefore, judgment became final on June 21, 2012. On October 24, 2013, Petitioner filed this § 2255 motion. (Civ. No. 12-1499, Docket No. 1.) The government opposes. (Docket No. 3.)

## II. LEGAL STANDARD

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III. DISCUSSION

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and

substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The petitioner alleges several species of ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id.

**A. *Counsel was not ineffective for failing to argue for a dismissal of the indictment***

Petitioner alleges that counsel was deficient because of a failure to argue for the dismissal of the indictment on the grounds that the court did not have jurisdiction because Petitioner was a minor when the conspiracy took place.  The record clearly indicates otherwise.

A review of the record shows that Petitioner's counsel argued for the dismissal of the indictment – at least twice during the pre-trial stage.  Petitioner's counsel raised the issue during an arraignment and bail Hearing.  (Docket No. 229 at 7.)  During that hearing, counsel argued that, at the time of the conspiracy, Petitioner was only "16 or 17 at the time the offenses were committed."  (Id.)  The government offered the testimony of a Drug Enforcement Administration agent to corroborate that Petitioner participated in the conspiracy until the date of his arrest – which was after Petitioner's eighteenth birthday.  (Id. at 10-24.)  Next, on November 2, 2006, Petitioner's counsel moved for both an evidentiary hearing regarding any evidence of overt acts committed by Petitioner in furtherance of the conspiracy

after his eighteenth birthday and to dismiss the indictment on the grounds that the court lacked jurisdiction because Petitioner was a minor when the conspiracy took place. (Docket No. 510 at 1-4.) The Court denied the motion. (Docket No. 690.) It is clear that Petitioner's counsel effectively argued for the dismissal of the indictment. As such, Petitioner's claim fails.

**B. *Counsel was not ineffective for failing to inform Petitioner of his rights under the Federal Juvenile Delinquency Act (FJDA)***

Petitioner claims that his guilty plea was unknowing and involuntary because his counsel was ineffective. He avers that counsel was ineffective for failing to advise Petitioner of his rights under the FJDA. Petitioner claims that because of this failure, and because of alleged diminished capacity, his plea was unknowing and involuntary.

Petitioner raised this argument on direct appeal. See United States v. Mendez-Colon, No. 10-1852 (1st Cir. Feb. 9, 2012). The First Circuit rejected this argument, finding that, "the indictment to which [Petitioner] pled guilty stated that he was involved in the conspiracy until at least December 1, 2005," which was well after his eighteenth birthday. Id. Moreover, the claim Petitioner now raises to suggest that his plea was unknowing and involuntary because of mental incapacity was also addressed on appeal. The First Circuit "considered [Petitioner's] arguments about diminished capacity" and found no basis for relief. Id.

It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in "ineffective assistance of counsel" garb in a § 2255 petition. See United States v. Doyon, 16 Fed.Appx 6, 9 (1st Cir.2001) (dismissing claims raised in a § 2255 motion because they were "decided on direct appeal and may not be

relitigated under a different label on collateral review"). As such, Petitioner's claim fails.

## IV. CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V. CONCLUSION

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion. (Docket No. 1.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**
San Juan, Puerto Rico, this 5th day of November, 2014.

**S/ JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**